# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3046**

**September Term, 2021**

**1:21-cr-00175-TJK-4**

**Filed On:** September 27, 2021

United States of America,

        Appellee

    v.

Charles Donohoe,

        Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


**BEFORE:**    Rogers, Millett, and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's June 23, 2021 order be affirmed. Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021). Appellant has been indicted for six offenses, four of which are felonies, including one with a maximum sentence of twenty years of imprisonment and one designated as a federal crime of terrorism. As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284. In contrast to the defendants in Munchel, the district court here found that appellant provided leadership and planning for the Proud Boys in connection with the events at the Capitol on January 6, 2021, helping to coordinate a large group of people and facilitating unlawful conduct. Moreover, the court further found that appellant has both the desire and the technical skill to facilitate

other unlawful conduct in the future, to conceal communications from law enforcement, and to destroy evidence of communications.  In addition, the court specifically and reasonably on this record found that appellant poses a risk of continued violence.  Appellant has not shown these findings were clearly erroneous, nor has he shown that the district court failed to consider conditions of release that could reasonably assure the safety of the community.  See id. at 1280.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Red. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk